**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James A. Pierce,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Maricopa, and John and Jane Does I-X,<br><br>    Defendants. | No. CV 12-2083-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Plaintiff James A. Pierce's Motion to Remand to the Superior Court in Pinal County (Doc. 5).  The Court now rules on this motion.

**I.    BACKGROUND**

Plaintiff James A. Pierce ("Pierce") filed a civil complaint against Defendants Maricopa County and John and Jane Does I-X (collectively "Maricopa") in the Pinal County Superior Court on June 27, 2012.  The Complaint contains claims of "assault and/or excessive force, violation of A.R.S. § 13-3916, deliberate indifference, negligent supervision, intentional and/or negligent infliction of emotional distress, and violations of the Arizona Constitution, including right to privacy, due process and abuse of power" arising out of Maricopa's lawful execution of a search warrant for Pierce's residence (Doc. 1, Exhibit 1, Complaint, at 6-8).  Pierce seeks compensatory and punitive damages, costs and attorney's fees, and appropriate further relief.

Maricopa removed the action to this Court on October 1, 2012.  Maricopa asserts in

its notice of removal that the Court has original jurisdiction under 28 U.S.C. § 1331 because one or more of Pierce's claims "aris[e] under the Constitution, laws, or treaties of the United States," and, therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1441(a) (Doc. 1, at 2).

Pierce objects to removal and moves for remand to Pinal County Superior Court on three grounds: (1) there is no subject matter jurisdiction because Pierce, as plaintiff, has not asserted any federal claims; (2) Maricopa waived removal through its actions in the state court proceedings; and (3) Maricopa did not timely file for removal.

## II.   REMOVAL AND REMAND STANDARDS

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

The complaint in this case does not explicitly claim a cause of action under the Constitution or laws of the United States (Doc. 1, Exhibit 1, Complaint, at 5-9). While the Arizona state causes of action Pierce alleges—for example his due process and equal protection claims—may have federal law analogs, in his motion for remand, Pierce argues that he had been "careful not to plead any federal claims" and that "[n]owhere are federal claims made" in the complaint (Doc. 5, at 2, 4). In Pierce's reply to Maricopa's response to his motion to remand, Pierce further characterizes his complaint as avoiding federal claims: "no federal claims were pleaded, [and they] are not being asserted"; "[Pierce] does not make the claim to any federal causes of action"; and "[t]he complaint does not reference any

federal constitutional claims" (Doc. 7, at 1-3). Indeed, Maricopa, itself, appears to recognize that the complaint does not plead federal claims; a lack of notice of federal claims within the "four corners of the complaint" forms the backbone of Maricopa's timeliness argument (Doc. 6, at 4-5).

Instead of pursuing potential federal claims, Pierce avows that he intends to rely solely on the Arizona Constitution and state statutes to address his claims (Doc. 5, at 4; Doc. 7, at 3). Pierce, as plaintiff, is "master to decide what law he will rely upon," *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Consequently, if Pierce "can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371-72 (9th Cir.), *cert. denied*, 484 U.S. 850 (1987) (citing *Hunter v. United Van Lines*, 746 F.2d 635, 641 (9th Cir. 1984), *cert. denied*, 474 U.S. 863 (1985)).

Confusion about Pierce's intentions to pursue a federal claim appears to have arisen from an ambiguous answer Pierce provided to one of Maricopa's non-uniform interrogatories which asked Pierce "to state all theories of liability for any claims asserted under the U.S. Constitution and/or 42 U.S.C. § 1983"; Pierce answered: "due process, equal protection, right of privacy, deliberate indifference, [and] acting under color of law to violate [Pierce]'s rights" (Doc. 6, at 2). Any confusion, however, should now be dispelled by Pierce's repeated assertions that he has not and will not plead any federal claims unless this Court "somehow determine[s] that the complaint also included federal claims" (Doc. 7, at 1-2).[1]

In light of Pierce's repeated disavowal of federal claims, this court lacks subject matter jurisdiction over this case. "A case 'arises under' federal law within the meaning of section 1331 only if a federal question appears on the face of plaintiff's well-pleaded

---

[1] Under the doctrine of judicial estoppel: "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 742-43 (2001) (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

complaint." *Sullivan*, 813 F.2d at 1371 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Because there are no federal questions in Pierce's complaint, there is no basis for original jurisdiction under 28 U.S.C. § 1331. Consequently, the Court lacks subject matter jurisdiction. Because the Court lacks subject matter jurisdiction, the Court need not address Maricopa's timeliness or waiver arguments, and 28 U.S.C. § 1447(c) requires remand.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Pierce's Motion to Remand (Doc. 5).

**IT IS FURTHER ORDERED** the Clerk of the Court shall remand this case to Pinal County Superior Court.

DATED this 26th day of February, 2013.

James A. Teilborg
Senior United States District Judge